PROB 12B
(REVISED 5/2011)

# United States District Court
for
# Middle District of Tennessee

## Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>William Stover</u>  Case Number: <u>3:13-00124-01</u>

Name of Sentencing Judicial Officer: <u>Honorable J. Daniel Breen, United States District Judge, WD/TN</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>November 16, 2012</u>

Original Offense: <u>21 U.S.C. § 844 Possession of Marijuana</u>

Original Sentence: <u>Two years' probation</u>

Type of Supervision: <u>Probation</u>  Date Supervision Commenced: <u>November 16, 2012</u>

Assistant U.S. Attorney: <u>To be determined</u>  Defense Attorney: <u>To be determined</u>

---

### PETITIONING THE COURT

■ To modify the conditions of supervised release as follows:

The defendant shall be on home confinement for a period of 45 days with the option of electronic monitoring at the discretion of the probation officer. During this time, the defendant will remain at his father's residence except for employment, religious services, support group meetings, education, medical services, and other times as approved by the probation officer.

THE COURT ORDERS:
☐ No Action
☒ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

Considered this 25th day of July, 2013, and made a part of the records in the above case.

_Kevin H. Sharp_
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_Kimberly Haney_
U.S. Probation Officer

Place  Nashville, Tennessee

Date  July 24, 2013

# ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

   On July 14, 2013, Mr. Stover was arrested by Metropolitan Nashville Police Department for Driving Under the Influence (DUI), a class A misdemeanor, and Implied Consent, a class A misdemeanor, in Nashville, Davidson County, Tennessee. He is scheduled to appear in court on August 15, 2013.

   According to the affidavit of complaint, on July 14, 2013, Mr. Stover was involved in a single vehicle crash on Briley Parkway, where he struck the wall. The police officer responded to investigate Mr. Stover for driving under the influence. Mr. Stover was extremely unsteady on his feet, and he was falling down before other police officers and the medics arrived on the scene. There was a strong odor of an alcoholic beverage coming from his person, his speech was slow and slurred, and he was not able to maintain focus on anything. He did not remember that he was involved in an accident. The police officer asked Mr. Stover to perform the standard field sobriety tests, but he refused. The police officer took Mr. Stover into custody and read the implied consent law to him. Mr. Stover indicated that he understood, but he refused to submit to a breath test.

2.   **The defendant shall participate in mental health counseling and treatment.**

   Mr. Stover has failed to participate in mental health treatment as ordered by the sentencing court.

   Information obtained from the Evelyn Frye Center on July 16, 2013, indicated the defendant has not been seen for medicine management or treatment since December 3, 2012. He was prescribed 30 tablets of Abilify (20 mg) with one authorized refill. Mr. Stover contacted the Evelyn Frye Center in March 2013, for a new prescription of Abilify, but he was required to make an appointment. An appointment was scheduled for March 27, 2013, but he failed to appear. Mr. Stover does have insurance to cover payment for services rendered.

**Compliance with Supervision Conditions and Prior Interventions:**

William Stover began his term of supervised release on November 16, 2012. His probation is scheduled to terminate on November 15, 2014. Mr. Stover is employed at Systech International. He is also a student at Lincoln Technology. Transfer of jurisdiction was accepted in this district on July 15, 2013, and assigned to the Honorable Kevin H. Sharp, U.S. District Judge.

Upon the start of his supervision, Mr. Stover was admitted into Parthenon Pavillion at Centennial Medical Center because he was hearing voices. Mr. Stover was released on November 24, 2013, with discharge instructions for follow-up care at the Evelyn Frye Center for medication management and Bradford Health Services Intensive Outpatient Program for treatment sessions. Mr. Stover was prescribed Abilify at the time of discharge. Medical documentation received from Centennial Medical Center indicated Mr. Stover was diagnosed with probable schizoaffective disorder, depressed type, and alcohol dependence.

On July 16, 2013, this officer spoke with Mr. Stover regarding his DUI arrest. He related he was upset with his girlfriend because she would not speak to him. His girlfriend was recently discharged from the military, and Mr. Stover stated he had been making derogatory statements about the government. When he continued to make the negative statements about the government, she stopped speaking with him. Mr. Stover became upset and starting drinking liquor. He remembered getting into his vehicle, and the next thing he remembers is being at the police station. Mr. Stover previously assured this officer that he was still taking his medication as prescribed, but he confessed that he has not taken the medication in a few months. This officer instructed him to contact Evelyn Frye Center to schedule an appointment for his medicine management and therapy for his alcohol issues. Mr. Stover has not tested positive for any illegal drugs while on supervision.

## U.S. Probation Officer Recommendation:

The probation office recommends that Mr. Stover be on home confinement for 45 days, and Mr. Stover has agreed to this recommendation. This response is to provide for Mr. Stover's safety and the safety of the community.

Mr. Stover must remain at his father's residence at all times, except for approved times to attend work, religious services, support meetings, education, medical care, and other times as approved by the probation officer. Any further non-compliant behavior will be submitted to Your Honor for more severe sanctions.

The U. S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.

The waiver of hearing to modify conditions of supervision were explained to Mr. Stover in-depth, and he is agreeable to this modification. The waiver of hearing agreement is attached.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall be on home confinement for a period of 45 days with the option of electronic monitoring at the discretion of the probation officer. During this time, the defendant will remain at his father's residence except for employment, religious services, support group meetings, education, medical services, and other times as approved by the probation officer.

Witness: Kimberly Haney
U.S. Probation Officer

Signed: William Stover
Probationer or Supervised Releasee

July 17, 2013
Date