PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 5]

Name of Offender: <u>William Stover</u>     Case Number: <u>3:13-00124-01</u>

Name of Sentencing Judicial Officer: <u>Honorable J. Daniel Breen, United States District Judge, WD/TN</u>

Name of Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>November 16, 2012</u>

Original Offense: <u>21 U.S.C. § 844 Possession of Marijuana</u>

Original Sentence: <u>Two years' probation</u>

Type of Supervision: <u>Probation</u>     Date Supervision Commenced: <u>November 16, 2012</u>

Assistant U.S. Attorney: <u>Jimmie Lynn Ramsaur</u>   Defense Attorney: <u>David Baker</u>

### PETITIONING THE COURT

| | |
|---|---|
| <u>X</u> | To Consider Additional Violation/Information. |
| ___ | To issue a Summons. |
| ___ | To issue a Warrant. |

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

Considered this 17th day of April, 2014,
and made a part of the records in the above case.

Kevin H. Sharp
U. S. District Judge

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

Kimberly Haney
U.S. Probation Officer

Place      <u>Nashville, TN</u>

Date      <u>April 17, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 5, has been amended as follows:

> Violation No. 6 - has been added to report the defendant failed to refrain from any unlawful use of a controlled substance

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

   On July 14, 2013, Mr. Stover was arrested by Metropolitan Nashville Police Department for Driving Under the Influence (DUI), a class A misdemeanor, and Implied Consent, a class A misdemeanor, in Nashville, Davidson County, Tennessee. The case was bound over to the grand jury. A new court date has not been set in this case.

   According to the affidavit of complaint, on July 14, 2013, Mr. Stover was involved in a single vehicle crash on Briley Parkway, where he struck the wall. The police officer responded to investigate Mr. Stover for driving under the influence. Mr. Stover was extremely unsteady on his feet, and he was falling down before other police officers and the medics arrived on the scene. There was a strong odor of an alcoholic beverage coming from his person, his speech was slow and slurred, and he was not able to maintain focus on anything. He did not remember that he was involved in an accident. The police officer asked Mr. Stover to perform the standard field sobriety tests, but he refused. The police officer took Mr. Stover into custody and read the implied consent law to him. Mr. Stover indicated that he understood, but he refused to submit to a breath test.

2.   **The defendant shall participate in mental health counseling and treatment.**

   Mr. Stover has failed to participate in mental health treatment as ordered by the sentencing court.

   Information obtained from the Evelyn Frye Center on July 16, 2013, indicated the defendant has not been seen for medicine management or treatment since December 3, 2012. He was prescribed 30 tablets of Abilify (20 mg) with one authorized refill. Mr. Stover contacted the Evelyn Frye Center in March 2013, for a new prescription of Abilify, but he was required to make an appointment. An appointment was scheduled for March 27, 2013, but he failed to appear. Mr. Stover does have insurance to cover payment for services rendered. However, Mr. Stover was seen by a counselor at the Evelyn Fry Center on July 26, 2013, for a medicine management

appointment. Due to his non-compliance with the treatment protocol, Mr. Stover is no longer a client of the Evelyn Frye Center. Previous attempts to refer Mr. Stover to Centerstone Mental Health for consistency with treatment and medicine management have proved unsuccessful. Mr. Stover explained that his school and work schedule prevented him from adhering to regular counseling sessions at Centerstone Mental Health.

3.    **The defendant failed to report for drug testing as instructed.**

On February 20, 2014, Mr. Stover failed to report for a drug test, as instructed.

Per the conditions of supervised release, Mr. Stover is ordered to participate in a program of drug testing. A home check was conducted on February 19, 2014, and the probation officer instructed him to report to the probation office for a drug test on February 20, 2014. Mr. Stover failed to report to the probation office for a drug test.

4.    **The defendant shall not commit another federal, state, or local crime.**

On March 30, 2014, Mr. Stover was arrested by Metropolitan Nashville Police Department, and he was charged with Possession or Casual Exchange, a class A misdemeanor; Public Intoxication, a class C misdemeanor; Criminal Trespass, a class C misdemeanor; and Criminal Impersonation, a class B misdemeanor. He is scheduled to appear in court on April 29, 2014. He was released on a $10,000 bond.

According to the affidavit of complaint, on March 30, 2014, a resident at 652 Rowan Drive called the police department and stated there was someone attempting to break into his residence. The homeowner advised that the person was walking on Rowan Drive, westbound. Mr. Stover was found at 670 Rowan Drive, and he matched the description of the suspect. Mr. Stover was immediately taken into custody. He appeared to be under the influence of an unknown substance as evidenced by his slow, staggering walk and slow response to questions by police officer. A subsequent search of Mr. Stover's person revealed approximately 3.4 grams of what was believed to be marijuana. Mr. Stover was taken back to 652 Rowan Street and was identified by the homeowner as the same person who attempted to break into his house. When the police officer asked Mr. Stover his name, he replied, "Brian Huffman." The police officer later found Mr. Stover's driver's license which revealed his true name.

On April 14, 2014, the probation officer spoke with Mr. Stover regarding this arrest. He stated that he thought he was at his grandmother's residence. He is unsure what happened.

5.    **The defendant shall refrain from any unlawful use of a controlled substance.**

On March 30, 2014, Mr. Stover was in possession of marijuana.

When Mr. Stover was arrested on March 30, 2014, a search of his person revealed approximately 3.4 grams of what was believed to be marijuana.

**The defendant shall refrain from any unlawful use of a controlled substance.**


New Violation

On April 14, 2014, Mr. Stover tested positive for marijuana use.

Mr. Stover reported to the probation office on April 14, 2014, as instructed by the probation officer to appear in court on a summons. While at the probation office, a random drug test was conducted. The results were positive for marijuana. Mr. Stover admitted to use. The specimen was sent to the laboratory for confirmation. Mr. Stover stated that he smoked marijuana over the weekend as a coping mechanism for his alcohol problem. However, he admitted to drinking alcohol the night before through the early morning of April 14, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**

William Stover began his term of supervision on November 16, 2012. His probation is scheduled to terminate on November 15, 2014. Mr. Stover was previously employed at Systech International, but he is now employed at Auto Zone. He is also a student at Lincoln Technology. Transfer of jurisdiction was accepted in this district on July 15, 2013, and assigned to the Honorable Kevin H. Sharp, U.S. District Judge.

Upon the start of his supervision, Mr. Stover was admitted into Parthenon Pavilion at Centennial Medical Center because he was hearing voices. Mr. Stover was released on November 24, 2012, with discharge instructions for follow-up care at the Evelyn Frye Center for medication management and Bradford Health Services Intensive Outpatient Program for treatment sessions. Mr. Stover was prescribed Abilify at the time of discharge. Medical documentation received from Centennial Medical Center indicated Mr. Stover was diagnosed with probable schizoaffective disorder, depressed type, and alcohol dependence.

On July 16, 2013, this officer spoke with Mr. Stover regarding his DUI arrest. He related he was upset with his girlfriend because she would not speak to him. His girlfriend was recently discharged from the military, and Mr. Stover stated he had been making derogatory statements about the government. When he continued to make the negative statements about the government, she stopped speaking with him. Mr. Stover became upset and starting drinking liquor. He remembered getting into his vehicle, and the next thing he remembers is being at the police station. Mr. Stover previously assured this officer that he was still taking his medication as prescribed, but he confessed that he has not taken the medication in a few months. The probation officer instructed him to contact Evelyn Frye Center to schedule an appointment for his medicine management and therapy for his alcohol issues.

Your Honor was previously notified on July 24, 2013, regarding Mr. Stover's arrest for DUI and Implied Consent. The probation officer requested a modification to Mr. Stover's special conditions to include placing him on home confinement for a period of 45 days. Your Honor ordered the modification as requested. Mr. Stover successfully completed the home confinement period. Mr. Stover's charges were bound over to the grand jury, and he is scheduled to appear in court on April 10, 2014, for those charges. Per the conditions of supervised release, Mr. Stover is ordered to participate in a program of drug testing. As a result, he was enrolled in a random drug testing program at the probation office. Mr. Stover has not tested positive for any illegal drugs while on supervision.

The probation officer conducted a home check on February 19, 2014, and Mr. Stover did not communicate any mental health issues. He advised he was taking his medication as prescribed and a new medication management appointment was not necessary at the time. Mr. Stover stated he was employed at Auto Zone, and he is scheduled to graduate from Lincoln Technology in May 2014. The probation officer advised he may need a referral to Centerstone Mental Health for stability with his mental health treatment and medicine management, but Mr. Stover related he is too busy with school and work to attend regular counseling sessions. During this home check, the probation officer instructed Mr. Stover to report to the probation office for a drug test on February 20, 2014. Mr. Stover failed to report to the probation office as instructed. Numerous attempts to contact Mr. Stover has proven unsuccessful since he missed the drug test.

On March 31, 2014, the probation officer spoke with the offender's father, William Stover, Sr. Mr. Stover advised his son had a mental health episode a few weeks ago, and he was taken to Mental Health Cooperative. According to the treatment documentation, Mr. Stover was transferred to TrustPoint Hospital in Murfreesboro, Tennessee, where he was diagnosed with and treated for depression and psychosis. He was discharged on March 17, 2014, and he was prescribed Zyprexa and sertraline hydrochloride. Mr. Stover, Sr. stated that his son did not get the medications filled at the pharmacy; therefore, he was not taking the medications. Additionally, a referral was made for Mr. Stover at Centerstone Mental Health Center in Madison, Tennessee. Mr. Stover had an appointment on April 9, 2014, to meet with a counselor. This information was confirmed by the probation officer with Centerstone Mental Health. Mr. Stover did not appear for the appointment.

On April 10, 2014, the probation officer contacted Mr. Stover to inquire of his whereabouts. Mr. Stover's father posted his bond, and he was home. The probation officer informed Mr. Stover of the summons issued by the Court and instructed him to report to the probation office on April 11, 2014, at 7:30 a.m. Mr. Stover failed to report. The probation officer contacted Mr. Stover's father who advised he was unaware of the pending summons, but he would bring his son to the probation office. However, Mr. Stover was not in the house when his father went to his bedroom. Mr. Stover, Sr., stated he would attempt to locate his son and bring him to the probation officer. Mr. Stover did not report to the probation office on April 11, 2014.

On April 14, 2014, the probation officer spoke with Mr. Stover and instructed him to report to the probation office. Mr. Stover reported to the probation office, and he was served with the summons issued by the Court. Prior to Mr. Stover appearing in court, it was revealed that he did not report to Centerstone on April 9, 2014, to meet with a mental health counselor. The appointment was a part of his discharge instructions from TrustPoint Hospital the previous week. Mr. Stover stated that he was unaware of the appointment, but he thought he was to attend The Evelyn Frye Center. The probation officer contacted Centerstone and rescheduled his appointment for May 7, 2014.

As it relates to Mr. Stover's most recent drug use, the probation officer advised Mr. Stover that the Court would be notified, and he is enrolled in a random drug testing program at the probation office. Mr. Stover also related that he is on a 30-day medical leave from school, but he is still employed.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that the additional violation be considered at a revocation hearing to be held before Your Honor. The new violation has been discussed with Assistant U.S. Attorney Jimmie Lynn Ramsaur who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. WILLIAM STOVER, CASE NO. 3:13-00124-01

GRADE OF VIOLATION:     C
CRIMINAL HISTORY:     I

ORIGINAL OFFENSE DATE:     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 1 year<br>*21 U.S.C. § 844* | 3-9 months*<br>*U.S.S.G. § 7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 1 year<br>*18 U.S.C. 3583(b)(3)* | 1 year<br>*U.S.S.G. § 5D1.2(a)(3)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3565(b)(1) allows for mandatory revocation for possession of a controlled substance in violation of the condition set forth in section 18 U.S.C. § 3563(a)(3). The Court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment.

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

*Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. § 7B1.3 (c)(1).

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** William Henry Stover

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:13CR00124 - 1

3. **District/Office** Middle District of Tennessee at Nashville

4. **Original Sentence Date**  11 / 16 / 2012
   *month    day    year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | 1. DUI and Implied Consent | C |
   | 2. Failure to participate in mental health treatment | C |
   | 3. Failed to report for drug testing | C |
   | 4. Possession or Casual Exchange, Public Intoxication, Criminal Trespass & Criminal Impersonation | C |
   | 5. Possession of marijuana | C |
   | 6. Marijuana use | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  —  C

9. **Criminal History Category** *(see §7B1.4(a))*  —  I

10. **Range of Imprisonment** *(see §7B1.4(a))*  —  3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** William Henry Stover

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)        _____    Home Detention            _____

    Other          _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days