PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 12]

Name of Offender: <u>William Stover</u>  Case Number: <u>3:13-00124-01</u>

Name of Sentencing Judicial Officer: <u>Honorable J. Daniel Breen, United States District Judge, WD/TN</u>

Name of Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>November 16, 2012</u>

Original Offense: <u>21 U.S.C. § 844 - Possession of Marijuana</u>

Original Sentence: <u>Two years' probation</u>

Type of Supervision: <u>Probation</u>  Date Supervision Commenced: <u>November 16, 2012</u>

Assistant U.S. Attorney: <u>Jimmie Lynn Ramsaur</u>  Defense Attorney: <u>David Baker</u>

---

### PETITIONING THE COURT

<u>X</u>  To Consider Additional Violations/Information.
___  To issue a Summons.
___  To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

Considered this 25 day of Sept, 2014, and made a part of the records in the above case.

_/s/ Kevin H. Sharp_
Kevin H. Sharp
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_/s/ Kimberly Haney_
Kimberly Haney
U.S. Probation Officer

Place     Nashville, TN

Date      September 24, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 12, has been amended as follows:

<u>Violation No. 1</u> - has been amended to include the adjudication information and case update status

<u>Violation No. 4</u> - has been amended to include the adjudication information of the case

<u>Violation No. 7</u> - has been added to report the defendant failed to refrain from any unlawful use of a controlled substance

<u>Violation No. 8</u> - has been added to report the defendant failed to participate in substance abuse treatment as directed

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.     Nature of Noncompliance

1.     **The defendant shall not commit another federal, state, or local crime.**

On July 14, 2013, Mr. Stover was arrested by Metropolitan Nashville Police Department for Driving Under the Influence (DUI), a class A misdemeanor, and Implied Consent, a class A misdemeanor, in Nashville, Davidson County, Tennessee.

According to the affidavit of complaint, on July 14, 2013, Mr. Stover was involved in a single vehicle crash on Briley Parkway, where he struck the wall. The police officer responded to investigate Mr. Stover for driving under the influence. Mr. Stover was extremely unsteady on his feet, and he was falling down before other police officers and the medics arrived on the scene. There was a strong odor of an alcoholic beverage coming from his person, his speech was slow and slurred, and he was not able to maintain focus on anything. He did not remember that he was involved in an accident. The police officer asked Mr. Stover to perform the standard field sobriety tests, but he refused. The police officer took Mr. Stover into custody and read the implied consent law to him. Mr. Stover indicated that he understood, but he refused to submit to a breath test.

**On June 19, 2014, Mr. Stover was found guilty of the DUI, and the Implied Consent charge was dismissed. He was sentenced to 11 months, 29 days' custody, all suspended but 48 hours, and he was placed on 11 months, 29 days' supervised probation through the mental health court. Mr. Stover was also ordered to pay court costs and fines. The case was reopened in August 2014, due to his violation of probation for not reporting to the mental health court probation as instructed. Mr. Stover was arrested on August 18, 2014, and he**

**was released on August 29, 2014. On September 4, 2014, Mr. Stover conceded to the probation violation was sentenced to 11 months, 29 days' custody, suspended, and he was ordered to restart supervised probation with mental health treatment through Community Corrections.**

2. **The defendant shall participate in mental health counseling and treatment.**

Mr. Stover has failed to participate in mental health treatment as ordered by the sentencing court.

Information obtained from the Evelyn Frye Center on July 16, 2013, indicated the defendant has not been seen for medicine management or treatment since December 3, 2012. He was prescribed 30 tablets of Abilify (20 mg) with one authorized refill. Mr. Stover contacted the Evelyn Frye Center in March 2013, for a new prescription of Abilify, but he was required to make an appointment. An appointment was scheduled for March 27, 2013, but he failed to appear. Mr. Stover does have insurance to cover payment for services rendered. However, Mr. Stover was seen by a counselor at the Evelyn Fry Center on July 26, 2013, for a medicine management appointment. Due to his non-compliance with the treatment protocol, Mr. Stover is no longer a client of the Evelyn Frye Center. Previous attempts to refer Mr. Stover to Centerstone Mental Health for consistency with treatment and medicine management have proved unsuccessful. Mr. Stover explained that his school and work schedule prevented him from adhering to regular counseling sessions at Centerstone Mental Health.

3. **The defendant failed to report for drug testing as instructed.**

On February 20, 2014, Mr. Stover failed to report for a drug test, as instructed.

Per the conditions of supervised release, Mr. Stover is ordered to participate in a program of drug testing. A home check was conducted on February 19, 2014, and the probation officer instructed him to report to the probation office for a drug test on February 20, 2014. Mr. Stover failed to report to the probation office for a drug test.

4. **The defendant shall not commit another federal, state, or local crime.**

On March 30, 2014, Mr. Stover was arrested by Metropolitan Nashville Police Department, and he was charged with Possession or Casual Exchange, a class A misdemeanor; Public Intoxication, a class C misdemeanor; Criminal Trespass, a class C misdemeanor; and Criminal Impersonation, a class B misdemeanor. He is scheduled to appear in court on April 29, 2014. He was released on a $10,000 bond. **On June 20, 2014, the charges were dismissed.**

According to the affidavit of complaint, on March 30, 2014, a resident at 652 Rowan Drive called the police department and stated there was someone attempting to break into his residence. The homeowner advised that the person was walking on Rowan Drive, westbound. Mr. Stover was found at 670 Rowan Drive, and he matched the description of the suspect. Mr. Stover was immediately taken into custody. He

appeared to be under the influence of an unknown substance as evidenced by his slow, staggering walk and slow response to questions by police officer. A subsequent search of Mr. Stover's person revealed approximately 3.4 grams of what was believed to be marijuana. Mr. Stover was taken back to 652 Rowan Street and was identified by the homeowner as the same person who attempted to break into his house. When the police officer asked Mr. Stover his name, he replied, "Brian Huffman." The police officer later found Mr. Stover's driver's license which revealed his true name.

On April 14, 2014, the probation officer spoke with Mr. Stover regarding this arrest. He stated that he thought he was at his grandmother's residence. He is unsure what happened.

5. **The defendant shall refrain from any unlawful use of a controlled substance.**

On March 30, 2014, Mr. Stover was in possession of marijuana.

When Mr. Stover was arrested on March 30, 2014, a search of his person revealed approximately 3.4 grams of what was believed to be marijuana.

6. **The defendant shall refrain from any unlawful use of a controlled substance.**

On April 14, 2014, Mr. Stover tested positive for marijuana use.

Mr. Stover reported to the probation office on April 14, 2014, as instructed by the probation officer to appear in court on a summons. While at the probation office, a random drug test was conducted. The results were positive for marijuana. Mr. Stover admitted to use. The specimen was sent to the laboratory for confirmation. Mr. Stover stated that he smoked marijuana over the weekend as a coping mechanism for his alcohol problem. However, he admitted to drinking alcohol the night before through the early morning of April 14, 2014.

7. **The defendant shall refrain from any unlawful use of a controlled substance.**
New Violation

On May 5, 2014, Mr. Stover tested positive for marijuana use.

Mr. Stover reported to the probation office on May 5, 2014, as instructed, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Stover denied any new use of illegal drugs.

On May 19, 2014, the probation officer spoke with Mr. Stover, and he denied any new use of marijuana. He stated that he stopped smoking marijuana over one month ago.

8. **The defendant shall participate in substance abuse treatment as instructed.**
New Violation

Mr. Stover has failed to participate in the weekly group substance abuse treatment at Centerstone, as directed. Mr. Stover has failed to report for his

      **weekly treatment on the following dates:**

| | | |
|---|---|---|
| **July 16, 2014** | **August 13, 2014** | **September 10, 2014** |
| **July 23, 2014** | **August 20, 2014 (in custody)** | |
| **July 30, 2014** | **August 27, 2014 (in custody)** | |

      **Mr. Stover was referred to Centerstone Mental Health Center for a mental health treatment assessment in May 2014. On June 12, 2014, the assessment was conducted, and he was recommended to undergo a psychiatric evaluation with monthly medication management services and participate in the weekly substance abuse Low Intensity Outpatient Program. Mr. Stover began treatment on July 9, 2014.**

## Compliance with Supervision Conditions and Prior Interventions:

William Stover began his term of supervision on November 16, 2012. His probation is scheduled to terminate on November 15, 2014. Mr. Stover was previously employed at Systech International, but he is now employed at Valvoline. He indicated that he has graduated from Lincoln Technology, but he has not provided documentation. Transfer of jurisdiction was accepted in this district on July 15, 2013, and assigned to the Honorable Kevin H. Sharp, U.S. District Judge.

Upon the start of his supervision, Mr. Stover was admitted into Parthenon Pavilion at Centennial Medical Center because he was hearing voices. Mr. Stover was released on November 24, 2012, with discharge instructions for follow-up care at the Evelyn Frye Center for medication management and Bradford Health Services Intensive Outpatient Program for treatment sessions. Mr. Stover was prescribed Abilify at the time of discharge. Medical documentation received from Centennial Medical Center indicated Mr. Stover was diagnosed with probable schizoaffective disorder, depressed type, and alcohol dependence.

On July 16, 2013, this officer spoke with Mr. Stover regarding his DUI arrest. He related he was upset with his girlfriend because she would not speak to him. His girlfriend was recently discharged from the military, and Mr. Stover stated he had been making derogatory statements about the government. When he continued to make the negative statements about the government, she stopped speaking with him. Mr. Stover became upset and starting drinking liquor. He remembered getting into his vehicle, and the next thing he remembers is being at the police station. Mr. Stover previously assured this officer that he was still taking his medication as prescribed, but he confessed that he has not taken the medication in a few months. The probation officer instructed him to contact Evelyn Frye Center to schedule an appointment for his medicine management and therapy for his alcohol issues.

Your Honor was previously notified on July 24, 2013, regarding Mr. Stover's arrest for DUI and Implied Consent. The probation officer requested a modification to Mr. Stover's special conditions to include placing him on home confinement for a period of 45 days. Your Honor ordered the modification as requested. Mr. Stover successfully completed the home confinement period. Mr. Stover's charges were bound over to the grand jury, and he is scheduled to appear in court on April 10, 2014, for those charges. Per the conditions of supervised release, Mr. Stover is ordered to participate in a program of drug testing. As a result, he was enrolled in a random drug testing program at the probation office. Mr. Stover has not tested positive for any illegal drugs while on supervision.

The probation officer conducted a home check on February 19, 2014, and Mr. Stover did not communicate any mental health issues. He advised he was taking his medication as prescribed and a new medication management appointment was not necessary at the time. Mr. Stover stated he was employed at Auto Zone, and he is scheduled to graduate from Lincoln Technology in May 2014. The probation officer advised he may need a referral to Centerstone Mental Health for stability with his mental health treatment and medicine management, but Mr. Stover related he is too busy with school and work to attend regular counseling sessions. During this home check, the probation officer instructed Mr. Stover to report to the probation office for a drug test on February 20, 2014. Mr. Stover failed to report to the probation office as instructed. Numerous attempts to contact Mr. Stover has proven unsuccessful since he missed the drug test.

On March 31, 2014, the probation officer spoke with the offender's father, William Stover, Sr. Mr. Stover advised his son had a mental health episode a few weeks ago, and he was taken to Mental Health Cooperative. According to the treatment documentation, Mr. Stover was transferred to TrustPoint Hospital in Murfreesboro, Tennessee, where he was diagnosed with and treated for depression and psychosis. He was discharged on March 17, 2014, and he was prescribed Zyprexa and sertraline hydrochloride. Mr. Stover, Sr. stated that his son did not get the medications filled at the pharmacy; therefore, he was not taking the medications. Additionally, a referral was made for Mr. Stover at Centerstone Mental Health Center in Madison, Tennessee. Mr. Stover had an appointment on April 9, 2014, to meet with a counselor. This information was confirmed by the probation officer with Centerstone Mental Health. Mr. Stover did not appear for the appointment.

On April 10, 2014, the probation officer contacted Mr. Stover to inquire of his whereabouts. Mr. Stover's father posted his bond, and he was home. The probation officer informed Mr. Stover of the summons issued by the Court and instructed him to report to the probation office on April 11, 2014, at 7:30 a.m. Mr. Stover failed to report. The probation officer contacted Mr. Stover's father who advised he was unaware of the pending summons, but he would bring his son to the probation office. However, Mr. Stover was not in the house when his father went to his bedroom. Mr. Stover, Sr., stated he would attempt to locate his son and bring him to the probation officer. Mr. Stover did not report to the probation office on April 11, 2014.

On April 14, 2014, the probation officer spoke with Mr. Stover and instructed him to report to the probation office. Mr. Stover reported to the probation office, and he was served with the summons issued by the Court. Prior to Mr. Stover appearing in court, it was revealed that he did not report to Centerstone on April 9, 2014, to meet with a mental health counselor. The appointment was a part of his discharge instructions from TrustPoint Hospital the previous week. Mr. Stover stated that he was unaware of the appointment, but he thought he was to attend The Evelyn Frye Center. The probation officer contacted Centerstone and rescheduled his appointment for May 7, 2014.

**Your Honor was previously notified on April 17, 2014, regarding Mr. Stover positive drug test for marijuana use. Mr. Stover was advised the Court would be notified, he would remain enrolled in the random drug testing program at the probation office, and he would be referred to Centerstone Mental Health for a substance abuse treatment assessment. Mr. Stover was referred to Centerstone in May 2014, for a substance abuse treatment assessment.**

**On June 12, 2014, a mental health and substance abuse treatment assessment was conducted on Mr. Stover, at Centerstone. It was recommended that Mr. Stover undergo a psychiatric evaluation with monthly medicine management services and participate in the weekly Low**

Intensity Outpatient Program for substance abuse. After the assessment was conducted, the probation officer received information from the counselor at Centerstone which indicated Mr. Stover would benefit from medicine management and mental health treatment; however, Mr. Stover stated that he did not want to be on medication, and he would not take it. Mr. Stover reported that he drinks alcohol as a coping mechanism, but he did not feel as though it was problematic.

On June 24, 2014, a medicine management evaluation was conducted, but Mr. Stover declined medicinal services. On June 25, 2014, Mr. Stover reported to Centerstone for a psychiatric evaluation. Based upon the information obtained in the evaluation, the counselor did not make a recommendation for services. Mr. Stover reported no mood or psychotic symptoms since he last abstained from marijuana and alcohol. However, he was scheduled to attend the weekly group substance abuse treatment classes.

On August 26, 2014, the probation officer contacted Ms. Breeding, probation officer with Mental Health Court, to inquire about Mr. Stover's status on probation. Ms. Breeding indicated a capias was issued on August 12, 2014, for Mr. Stover's arrest due to a positive drug test for marijuana on August 4, 2014. In addition, he missed state court in July, and he failed to report to Ms. Breeding although he reported for his drug tests. Mr. Stover was arrested on the capias on August 18, 2014, and he was released on bond on August 29, 2014. On August 28, 2014, Mr. Stover appeared in court, and the judge ordered that he be removed from Mental Health Court due to his lack of participation and desire to seek treatment. On September 4, 2014, Mr. Stover appeared in court to address the Mental Health Court probation violations. He was sentenced to time served and ordered to restart probation through Community Corrections.

Mr. Stover has not tested positive for an illegal substance at the U.S. Probation and Pretrial Services Office since April 2014. The probation officer spoke with Mr. Stover on September 4, 2014, regarding his missed substance abuse classes at Centerstone. He stated he has been working, realizes the importance of the classes, and he will not miss class again. The probation officer advised the Court would be notified of his non-compliance.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that the additional violations be considered at a revocation hearing to be held before Your Honor. The new violations have been discussed with Assistant U.S. Attorney Jimmie Lynn Ramsaur who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. WILLIAM STOVER, CASE NO. 3:13-00124-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003 — PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 1 year<br>21 U.S.C. § 844 | 3-9 months*<br>U.S.S.G. § 7B1.4 | 3 months |
| SUPERVISED RELEASE: | 1 year<br>18 U.S.C. 3583(b)(3) | 1 year<br>U.S.S.G. § 5D1.2(a)(3) | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3565(b)(1) allows for mandatory revocation for possession of a controlled substance in violation of the condition set forth in section 18 U.S.C. § 3563(a)(3). The Court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment.

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

*Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. § 7B1.3 (c)(1).

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: Vidette Putman
Supervisory U.S. Probation Officer